IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY N. TAYLOR, and<br>JUANITA L. TAYLOR, Individually,<br>And as Next of Kin of Joshua C. Taylor,<br>Deceased,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>KENNESAW TRANSPORTATION, INC., a<br>Foreign Corporation; and BYRON E.<br>HARKLEY, an Individual,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV-16-922-R |

## ORDER

Before the Court in the Motion to Dismiss (Doc. No. 8) filed by Defendant Kennesaw Transportation, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiffs filed this action following the death of Joshua C. Taylor ("Caleb Taylor") in an accident he alleges was caused by Defendant Harkley, who was driving a semi-truck on behalf of his employer, Kennesaw Transportation, Inc. The instant motion requests an "Order dismissing all Counts in Plaintiff's Complaint ("Complaint") that purport to allege negligence against Kennesaw." Doc. No. 8, p. 1. Defendant Kennesaw's motion to dismiss argues that the claims in the Complaint that allege actions against it are subject to dismissal, because "Kennesaw admits that Harkley was acting in the course and scope of his

employment." (Doc. No. 8, p. 1).[1] Therefore, "it would be vicariously liable for Harkley's negligence, if proven." *Id.* In support of its motion Defendant Kennesaw cites to authorities from this Court and others dismissing claims for negligent hiring, supervision, training, retention and entrustment when the employer has conceded it will be vicariously liable for the torts of its employee. It contends no direct action may be maintained against it under Oklahoma law. Defendant also contends that Plaintiffs have failed to plead sufficient facts to support their negligence *per se* claim.

Plaintiffs respond by noting they do not contest the motion to the extent it challenges their negligence *per se* claims. As such, Plaintiffs' negligence *per se* claims against Defendant Kennesaw are hereby DISMISSED. Plaintiffs also note they are not seeking relief based on theories of negligent hiring, supervision, training, or retention.

The Court has reviewed the Complaint in this case and, contrary to Plaintiffs' response to the motion to dismiss, finds no claim therein for negligent entrustment. The Complaint alleges negligence by both Kennesaw Transportation, Inc. and its driver, Byron Harkley, without specifically identifying any factual basis for a negligent entrustment claim or specifically stating that Plaintiffs are seeking relief under a theory of negligent entrustment.[2] This error could be easily remedied via the filing of an amended complaint,

---

[1] In support of its motion Defendant attaches the affidavit of Monica Stamper wherein she avers that she is Director of Safety for defendant Kennesaw and that Defendant Harkley was acting within the scope of his employment with Kennesaw at the time of the accident.

[2] In addition to facts specific to the accident itself the Plaintiffs allege:
15. At the time of the accident, Harkley was the agent, servant and employee of Kennesaw and was acting within the course and scope of his employment.
16. Defendants owed and/or voluntarily assumed duties to those traveling on public roadways to operate the Semi in a safe and reasonable manner so as to not subject others to an unreasonable risk of harm.
17. Defendants were negligent and breached their duties.
Plaintiffs also seek punitive damages. *Id.* at ¶ 23.

2

as requested by Plaintiffs in response to the motion to dismiss, however, any such filing would be futile, this Court having previously concluded in numerous cases that once vicarious liability is admitted, Oklahoma law does not permit an independent claim for negligent entrustment.[3] *See e.g. Oliver v. Soto.,* No. CIV-15-1106-R, 2016 WL 815343 (W.D. Okla. Feb. 29, 2016); *Beaber v. Stevens Transp., Inc.,* No. CIV-15-382-R, 2015 WL 8074312 (W.D. Okla. Dec. 4, 2015); *Isso v. W. Exp., Inc.*, No. CIV-14-109-R, 2015 WL 4392851 (W.D. Okla. July 15, 2015); *Cardenas v. Ori*, No. CIV-14-386-R, 2015 WL 2213510 (W.D. Okla. May 11, 2015).

Related to and incorporated into Plaintiffs' response to the motion is a request that the Court certify a question to the Oklahoma Supreme Court in the event it concludes the admission by Defendant bars a negligent entrustment claim. Doc. No. 10, p. 1. Defendant did not respond to the request for certification.

The decision to certify a question of law to a state court is within the discretion of a federal district court. *See Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006*); Coletti v. Cudd Pressure Control*, 165 F.3d 767, 775 (10th Cir. 1999); *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990). Pursuant to Okla. Stat. tit. 20, § 1602, the Oklahoma Supreme Court has the power to accept a certified question from a federal court

---

[3] Contrary to Defendant's motion, the Court has not, however, dismissed an employer entirely from a case based on the absence of a claim for negligent entrustment. Accordingly, Defendant's Motion to Dismiss is DENIED to the extent is requests dismissal of all claims against it. The Court acknowledges footnote 1 of Defendant's Reply brief, which states that its request that "'all claims' be dismissed refers to all direct negligence claims against Kennesaw and not to vicarious liability, which Kennesaw clearly admitted." However, its concluding paragraph states, without limitation, that "Plaintiffs have failed to state a claim upon which relief may be granted in their favor and against Kennesaw. Kennesaw respectfully prays that the Court enter an order dismissing all claims alleged against it and awarding Kennesaw its costs and attorneys' fees in bringing this Motion." Doc. No. 12, p. 6. There is no basis in the motion for dismissing the basic negligence claim pled against Kennesaw in the Complaint that relies upon Mr. Harkley's status as an employee acting within the scope of his employment.

3

if the outcome of the federal litigation depends on a controlling issue of state law and the issue cannot be resolved by reference to an Oklahoma statute, constitutional provision, or judicial decision. Certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled," but a federal district court is not compelled to certify such issues to a state court. *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1001 (10th Cir.2005). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir.1988).

The issue presented in this case is whether Plaintiffs can proceed on a claim for negligent entrustment in light of Defendant's admissions that its employee was acting within the scope of his employment at the time of the accident. As noted above, the undersigned has previously concluded that such claims are foreclosed. The Court concluded that in the event of such an admission *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997) and *N.H. v. Presbyterian Church* (U.S.A.), 998 P.2d 592 (Okla. 1999), dictate that a defendant employer's liability is vicarious, and therefore no claim for negligent entrustment may be pursued. The fact that a plaintiff may seek to recover punitive damages does not alter the outcome of the analysis, because such a limitation does not impact a plaintiff's ability to seek punitive damages.

> Under Oklahoma law, an employer may be held vicariously liable for the punitive damages arising out of an employee's act if: 1) a master/servant relationship exists between the employer and employee; and 2) the act was committed while the employee was acting within the scope of employment. Punitive or exemplary damages may be assessed against an employer for an employee's act under the doctrine of respondeat superior. There is no requirement that an employer participate in or ratify the conduct of an

> employee to be liable for punitive or exemplary damages under the doctrine of respondeat superior.

*Bierman v. Aramark Refreshment Service*, Inc., 198 P.3d 877, 884 (Okla. 2008)(footnotes citing *Jordan v. Cates* among other cases, omitted).

The Court hereby denies Plaintiffs' request to certify a question to the Oklahoma Supreme Court. The issue presented herein is not novel, it has been considered many times by federal courts since the pronouncement in *Jordan v. Cates*, with nearly unanimous results. *See Landreville v. Joe Brown Co.*, 2009 WL 1437801 (E.D.Okla. May 21, 2009)(granting summary judgment to employer and declining request to limit Jordan to intentional torts and request to certify); *Huntley v. City of Owasso*, 497 Fed.Appx. 826, *834 (10th Cir. 2012)("So if Mr. Huntley prevails, it will be either on vicarious liability or on these other negligence claims; it cannot be on both."); *Chamberlain v. Thomas*, 2012 WL 4355908, *1 (W.D.Okla. 2012)("[I]f an employer stipulates its employee is acting within the scope of employment at the time of the underlying tort and that punitive damages are available against it on the basis of respondeat superior, then an additional claim against it on the basis of negligent hiring is unavailable."); *Simpson v. Kaya*, 2012 WL 3518037, *3 (W.D.Okla.2012) (applying *Jordan* to bar negligent hiring and entrustment claims when employer stipulated to its liability for employee's allegedly negligent driving); *Johnson v. Dillard's, Inc.*, 2005 WL 2372153, *6 (W.D.Okla. 2005)("Although defendant generally denied these allegations in its answer, it admits in its brief that its sales associate, Jodee, was at all relevant times acting within the scope of her employment for defendant. Accordingly, defendant's liability, if any, must be based upon respondeat superior or

vicarious in nature; the theory of negligent hiring and/or retention by defendant is not available to plaintiffs as a basis for recovery against defendant"); *Morris v. City of Sapulpa*, 2011 WL 1627098, *16 (N.D.Okla. 2011)("Because the City stipulates that Noe was acting within the scope of his employment, and that vicarious liability pursuant to the respondeat superior doctrine is therefore applicable, the cause of action for negligent hiring, training, and supervision is not available."); *Resler v. JKC Trucking Inc.*, Case No. CIV-13-1005-HE (May 2, 2014)(granting protective order limiting the scope of deposition of corporate representative to exclude matters related only to potential claims for negligent hiring and retention, which were irrelevant); *Welchel v. Transcontinental Refrigerated Lines, Inc.*, CIV-02-956-M (March 11, 2014); *Mason v. Dunn*, 2015 WL 5690746, *1 (E.D.Okla. Sept. 28, 2015)(granting summary judgment on claims of negligent hiring, training and supervision in light of admission that employee was acting within the scope of his employment); *Ferrell v. BGF Global, LLC*, Case No. CIV-15-404-D (Doc. No. 64)(W.D.Okla. Aug. 18, 2016)(granting summary judgment to the employer on plaintiff's claim of negligent entrustment of semi-trailer in light of admission of vicarious liability); *see also Avery v. Roadrunner Transp. Servs., Inc.,* No. CIV–11–1203–D, 2012 WL 6016899, *3 (W.D.Okla. Dec. 3, 2012) (*citing Johnny v. Bornowski*, No. 10–04008–CV–FJG, 2012 WL 13723, *2 (W.D.Mo. Jan. 4, 2012)); *Dowuona–Hammond v. Integris Health*, No. CIV–10–965–C, 2011 WL 134923, *3 (W.D.Okla. Jan. 14, 2011); *Aldridge v. Indian Elec. Co op.*, No. 07–CV–633–HDC–PJC, 2008 WL 1777480, *8 (N.D.Okla. Apr. 17, 2008)). Accordingly, although Plaintiffs apparently believe the Oklahoma Supreme Court would conclude that negligent entrustment claims are not foreclosed by an admission

of vicarious liability, the above cases indicate the law is not unsettled and that certification is therefore unwarranted.

For the reasons stated herein, Defendant Kennesaw's Motion to Dismiss is GRANTED with Regard to Plaintiff's negligence *per se* claim. It is otherwise denied as are Plaintiffs' motion to amend and motion to certify.

**IT IS SO ORDERED** this 8th day of November, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE