# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUANITA L. TAYLOR, as | ) | |
| Personal Representative of the | ) | |
| ESTATE OF ANTHONY N. | ) | |
| TAYLOR; and JUANITA L. | ) | |
| TAYLOR, individually and as next | ) | |
| of kin of JOSHUA C. TAYLOR, | ) | |
| deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-922-R |
| | ) | |
| KENNESAW TRANSPORTATION, | ) | |
| INC., a foreign corporation; and | ) | |
| BYRON E. HARKLEY, an | ) | |
| Individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. No. 41), to which Plaintiffs have filed an objection (Doc. No. 59). Additionally, Defendants filed a reply in support of their position. (Doc. No. 63). For the reasons set forth herein, the Motion for Partial Summary Judgment is granted.

On March 24, 2016, Caleb Taylor died in a collision between his vehicle and the truck driven by Defendant Byron Harkley in the scope of his employment with Defendant Kennesaw Transportation. Defendant Harkley had stopped his tractor-trailer on the outside shoulder of eastbound I-44. He was attempting to merge back into traffic when Caleb Taylor's vehicle struck Harkley's trailer from behind. The result was that Taylor's vehicle was dragged by Harkley's until Harkley stopped, approximately 300 feet after the impact.

Defendants contend they are entitled to summary judgment on the issue of punitive damages, because Plaintiffs lack clear and convincing evidence to support such damages. Plaintiffs contend summary judgment is inappropriate. Defendants also seek summary judgment with regard to certain items of damages sought by Plaintiffs, which Plaintiffs concede are not appropriate pursuant to Oklahoma's wrongful death statute. Plaintiffs concede the issue, with one exception, photographs obtained for purposes of Caleb Taylor's funeral service, which they contend are recoverable as a burial expense. Defendants asserted in the motion that there was no evidence to support the $50.00 expense. Plaintiffs responded with the affidavit of Plaintiff Juanita Taylor who indicated the cost was $50.00 but a house fire destroyed the receipt. Defendants' reply does not challenge the sufficiency of the evidence in this regard, and accordingly, summary judgment is denied with regard to the $50.00 expense related to photographs obtained for the funeral. With regard to items 2 through 14 of the list submitted, summary judgment is granted, in light of Plaintiffs' concession. Doc. No. 41-2.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact 'exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting *Zwygart v. Bd. of Cnty. Comm'rs*, 483 F.3d 1086, 1090 (10th Cir.2007)).

Under Oklahoma law, punitive damages are recoverable when "the jury finds by

clear and convincing evidence that . . . [t]he defendant has been guilty of reckless disregard for the rights of others" or "acted intentionally and with malice towards others." 23 Okla. Stat. 9.1(B). Plaintiffs argue they have sufficient evidence to establish they are entitled to punitive damages under each of the three categories, because there is evidence that Defendant Harkley stopped on the shoulder to urinate, which he could have avoided by stopping at a rest stop before this point.[1] Plaintiffs further contend that Defendant Harkley was aware he would be unable to return his truck to the minimum highway speed of 50 m.p.h. before needing to re-enter the roadway, before a bridge would impede his ability to drive on the right shoulder. Because Defendant Harkley could have stopped elsewhere safely, including beyond the bridge, Plaintiffs contend they have established the potential for punitive damages.

The Court finds even construing the facts in the light most favorable to Plaintiff, the record lacks clear and convincing evidence that Defendant Harkley's behavior on the date of the accident was reckless or that he acted intentionally and with malice toward others. Although Plaintiff contends that Defendant Harkley's actions were reckless because

---

[1] Plaintiffs' brief asserts:

> At the accident scene, Harkley admitted to Trooper Stanley that the only reason he stopped on the side of the interstate was that he wanted to urinate." In support of this proposition Plaintiffs cite to the following testimony of Trooper Stanley:
>
> > Q: During the time you were at the scene, or afterwards for that matter, did you ever speak with Byron Harkley, the driver of the Kennesaw tractor?
> > A: Yes.
> > Q: Tell me about those conversations.
> > A: I asked if he was okay. He said, yes, a little shook up. I basically asked what he was doing prior to the impact. He explained he was on the shoulder parked, he needed to go to the restroom. And then he pulled out from the shoulder on to the roadway.
>
> The Court does not perceive this testimony as establishing that the "only reason" Defendant Harkley stopped was to urinate nor is there an indication that Trooper Stanley inquired as to this as the sole reason. Defendant Harkley indicates he pulled over to check for a flat tire, and while there urinated. The Court does not find the reason why Harkley stopped, or the alleged illegality thereof, outcome determinative.

he was aware that he would be unable to reach the minimum highway speed before needing to return his truck to the roadway from the shoulder, he testified that when initiated his return to the roadway, there were no oncoming vehicles. Notwithstanding Plaintiffs' attempts to characterize Defendant Harkey's actions as unreasonable under the circumstances, the Court finds that accepting Plaintiffs' version of the facts it does not meet the threshold necessary to support a verdict for punitive damages under any of the three tiers provided by Okla. Stat. tit. 23 § 9.1.

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment (Doc. No. 41) is GRANTED. The Court will conduct a hearing on Plaintiff's Motion to Exclude (Doc. No. 40) on Wednesday December 13, 2017 at 10:00 a.m.

**IT IS SO ORDERED** this 6th day of December 2017.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE